**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

GARDNER INDUSTRIES, INCORPORATED,
a Delaware corporation

     Petitioner,

vs.                                                              Case No

KOLD KING, a Texas Limited
Liability Corporation, TANGENT
INTERNATIONAL, LLC, a Texas
Limited Liability Corporation,
BILL J. ADAMS, an individual,
BLUEBONNET T&T, INC., a Texas
Corporation, TIM ADAMS, an individual,
RANDY ADAMS, an individual, and
D.C. TITAN, LLC, a Texas Limited
Liability Corporation.

     Respondents.
_____/

**PETITION TO CONFIRM ARBITRATION AWARD**

Petitioner, Gardner Industries, Incorporated ("Gardner"), by and through its undersigned counsel, hereby petitions the Court, pursuant to 9 U.S.C. §§ 9, 13 for an order confirming the Final Award of the Arbitrator in the arbitration between Petitioner, Gardner, and Respondents, Kold King, LLC ("Kold King"), Tangent International, LLC ("Tangent"), Bill J. Adams (B. Adams"), Bluebonnet T&T, Inc. ("Bluebonnet"), Tim Adams ("T. Adams"), and Randy Adams ("R. Adams"), D.C. Titan, LLC ("Titan") (collectively "Respondents") and directing that judgment be entered accordingly. As grounds therefore, Gardner states as follows:

    1.     Gardner is a Florida corporation with its principal place of business located at 4161 East 7th Avenue, Tampa, Florida 33605.

2. Respondents reside in Texas, are entities created in Texas and/or have their principal place of business in Texas.

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 and the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, as the amount in controversy exceeds $75,000 and because the arbitration awards were made in this district.

4. This Court has personal jurisdiction over Respondents in this action under Florida's long-arm statute, *Fla Stat* § 48.193 pursuant to the parties' agreement, and based on the fact that Gardner and Respondents participated in arbitration in Florida and because Respondents sought affirmative relief in the arbitration in Florida.

5. Venue is proper in this Court because the parties' agreement compels arbitration in Florida, the underlying arbitration occurred in Florida, Respondents sought affirmative relief in the arbitration in Florida and because the FAA 9 U.S.C. § 9, states that Gardner must file its Petition either in the court specified by the parties or where the arbitration awards were made, both of which would be this Court.

6. On December 20, 2004, Gardner entered into an Asset Purchase Agreement ("APA") that provides, *inter alia*, Kold King would sell its assets to Gardner. Part of the enumerated assets sold to Gardner were Kold King's customer lists and good will. A true and correct copy of the Asset and Purchase Agreement is attached hereto as Exhibit "A".

7. Kold King, as part of its obligations under the APA, agreed to a Noncompetition Agreement contained in ¶ 7 of the APA.

8. Respondents B. Adams, Tangent, T. Adams, Bluebonnet, R. Adams and Titan are individually and/or collectively owners of Kold King. As a material clause of the APA, these

Respondents agreed to individual covenants not to compete with Gardner (*See* Ex. A at ¶ 11; Ex. B, C, D).

9. The APA provides, *inter alia*, that Kold King would sell its assets to Gardner. Part of the enumerated assets sold to Gardner were Kold King's customer lists and good will.

10. A further requirement under the APA was for Respondents to engage in good faith efforts to gain commitments from their current and future customers requiring the customers to purchase roofing emulsion exclusively from Gardner (the "Purchase Commitment"). To this end, the APA required Respondents to promote and market a 15% discount off the list price of Kold King's equipment to any customer who agreed to the Purchase Commitment.

11. In exchange for Respondents' commitments under the APA and Noncompetition Agreements, Gardner paid out a total of $550,000.00, with $300,000.00 being paid upon the execution of the APA and the remaining $250,000.00 being paid over twelve (12) equal installments.

12. Shortly after the APA and Noncompetition Agreements were executed, Respondents began to engage in conduct inconsistent with their obligations under the parties' agreements.

13. The agreements set forth in Exhibit "A" through "D" compel arbitration in Florida pursuant to the Arbitration Rules of the American Arbitration Association as the mechanism to resolve disputes.

14. Gardner filed an arbitration proceeding against Respondents in Tampa, Florida, based on *inter alia,* Respondents' failure to comply with the APA and their noncompetition agreements.

15. The instant matter was tried before a single Arbitrator in Tampa, Florida, on September 26-28, 2006.

16. On November 22, 2006, the Arbitrator entered an Award. A true and correct copy of the Award is attached hereto as Exhibit "E" and is incorporated herein by reference.

17. In the Award, the Arbitrator granted Gardner's rescission claim and rescinded the APA. The Arbitrator also awarded Gardner $322,874.00 in damages, as well as $2,625.00 in costs.

18. This Petition is based on the parties' agreements and the Award, which are attached hereto as Exhibits "A" through "E." As indicated in the Award, no objection was made concerning the appointment of the Arbitrator or his jurisdiction.

WHEREFORE, Petitioner, Gardner Industries, Incorporated, respectfully requests:

(a) An Order Confirming the Award issued on November 22, 2006;

(b) Entry of judgment that may be enforced as any other judgment;

(c) Attorneys' fees, costs and interest thereon, as provided by law; and

(d) Such other relief as the Court deems just and proper.

Respectfully submitted,

JOHN E. JOHNSON
Florida Bar No. 593000
WILLIAM P. CASSIDY, JR.
Florida Bar No. 0332630
TRENAM, KEMKER, SCHARF, BARKIN,
 FRYE, O'NEILL & MULLIS, P.A.
101 East Kennedy Boulevard, Suite 2700
Tampa, Florida 33601
Tel: (813) 223-7474
Fax: (813) 229-6553
jejohnson@trenam.com
wcassidy@trenam.com
Attorneys for Gardner Industries, Incorporated