UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GARDNER INDUSTRIES, INC.,
a Delaware corporation,

        Petitioner,

vs.                                                      Case No. 8:06-CV-2290-T-27EAJ

KOLD KING, a Texas Limited Liability
Corporation, et al.,

        Respondents.
_____/

## ORDER

**BEFORE THE COURT** is Petitioner Gardner Industries, Inc.'s Petition to Confirm Arbitration Award (Dkt. 1) and Petitioner's Motion for Judgment on the Pleadings to Confirm the Underlying Arbitration Award (Dkt. 29). Petitioner seeks confirmation of an arbitration award issued on November 22, 2006 against Kold King, in which the arbitrator awarded Gardner $322,874.00 for Kold King's violation of a non-compete agreement. (Dkt. 1-7). Respondents Tangent International, LLC, Bill J. Adams, Bluebonnet T&T, Inc., Tim Adams, Randy Adams, and D.C. Titan LLC have responded, stating that although they "dispute the propriety of the proposed judgment and the relief requested by Petitioner, they do not plan on filing a memorandum in opposition." (Dkt. 22 at 1). Respondent Kold King has not filed an answer or otherwise appeared, and Clerk's default was entered on April 27, 2007. (Dkt. 30).

The provisions of the Federal Arbitration Act, 9 U.S.C. §§1 *et seq.* ("FAA"), control this Court's review of an arbitration award. Judicial review of arbitration awards is "narrowly limited"

and the FAA presumes that arbitration awards will be confirmed. *See B.L. Harbert Intern., LLC v. Hercules Steel Co.*, 441 F.3d 905, 909 (11th Cir. 2006). The FAA "does not allow courts to roam unbridled in their oversight of arbitration awards, but carefully limits judicial intervention to instances where the arbitration has been tainted in specified ways." *Robbins v. Day*, 954 F.2d 679, 683 (11th Cir.) (citations and quotations omitted).[1]

No Respondent has cross-claimed for the vacatur of the arbitration award or otherwise argued that one of the specified grounds for vacatur is present. The award is therefore presumed correct and is subject to confirmation.

Accordingly, it is **ORDERED AND ADJUDGED** that:

1) Petitioner Gardner Industries, Inc.'s Petition to Confirm Arbitration Award (Dkt. 1) and Petitioner's Motion for Judgment on the Pleadings to Confirm the Underlying Arbitration Award (Dkt. 29) are **GRANTED**.

2) Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, default judgment is entered against Kold King in the amount of $322,874.00, plus $2,625.00 in

---

[1] Pursuant to 9 U.S.C. § 10(a), there are four statutory grounds for vacating an arbitration award:

(1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them at a mutual, final and definite award upon the subject matter submitted could not be made. 9 U.S.C. § 10(a).

In addition to the statutory grounds, the Eleventh Circuit has recognized three non-statutory grounds for vacatur. An award may be vacated on non-statutory grounds (1) if it is arbitrary and capricious, (2) if enforcement of the award is contrary to public policy, or (3) if the award was made in manifest disregard for the law." *Hercules*, 441 F.3d at 910. Fleet, "as the moving party, bears the burden of setting forth sufficient grounds to vacate the arbitration award." *Scott v. Prudential Securities, Inc.*, 141 F.3d 1007, 1014 (11th Cir. 1998).

expenses, as set forth in the arbitration award (Dkt. 1-7 at 5).

3) The Clerk is directed to enter judgment in favor of Petitioner and close this case.

**DONE AND ORDERED** in Tampa, Florida, on this 16th day of May, 2007.

/s/ Whittemore
JAMES D. WHITTEMORE
**United States District Judge**

Copies to:
Counsel of Record
Unrepresented parties